JOSEPH SALAMA, State Bar No. 212225
LAW OFFICES OF JOSEPH SALAMA
140 Robinhood Drive
San Rafael, CA 94901
Telephone: (415) 948-9030
Facsimile: (415) 479-1340

ALAN ALEXANDER BECK, State Bar No. 276646
LAW OFFICE OF ALAN BACK
2962 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105

Attorneys for Plaintiffs
DEEPAK CHOPRA; DEEPIKA CHOPRA; KARAN CHOPRA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK CHOPRA, an individual; KARAN CHOPRA, his wife; and DEEPIKA CHOPRA, a minor child, <br><br> Plaintiffs, <br><br> v. <br><br> DUBLIN POLICE DEPARTMENT a municipal entity; VICTOR FOX, in his individual and official capacities as Chief of Police; WILLIAM COWENS, in his individual capacity; CHRISTOPHER SHEPARD, in his individual capacity; and DOES 1 through 10, in their individual capacities, inclusive <br><br> Defendants | Case No. <br><br> COMPLAINT FOR: <br><br> - Unlawful search and seizure (4th Amend.); <br> - Violation of Procedural Due Process (14th Amend.); <br> - Violation of Substantive Due Process (14th Amend.); <br> - Takings (5th Amend.) <br> - Retaliation (1st, 14th Amend.) <br> - Injunctive Relief <br> - <br> [42 U.S.C. § 1983] <br><br> State Claims: <br> - The Bane Act <br> - Replevin <br> - Abuse of Process <br> - Intentional Infliction of Emotional Distress <br><br> AND DEMAND FOR JURY TRIAL |

1. This is a civil rights action seeking redress for egregious constitutional violations committed by members of the Dublin Police Department against Plaintiffs Deepak Chopra, his wife, and their autistic minor child. Plaintiffs were subjected to unlawful searches, seizures, false accusations, racial discrimination, and targeted retaliation. This campaign of harassment was perpetrated by Defendants for the purpose of damaging Plaintiffs' reputation, destroying their family-owned knife business, and inflicting economic and personal harm without legal justification. Not one of the countless charges alleged against plaintiffs has resulted in a conviction, for the simple reason that none of the crimes charged occurred. The vast majority of them were dropped, and it's a matter of time before the remaining ones are dismissed. Defendant's didn't stop there, they have disregarded a state court order to return $2,000,000 in inventory, and repeatedly re-enter Plaintiffs' business without warrants to attempt to induce unlawful sales in a continued campaign of harassment. Defendants are and were not acting in the course and scope of their employment, rather they were acting with malice, and the law must punish them.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

PARTIES

3. Plaintiff Deepak Chopra is an individual residing in Alameda County, California, and the owner of a lawful knife store in Dublin, California. Deepak has a license to sell to police, so his switchblades were legal for him to own.

4. Plaintiff Deepika Chopra is the wife of Deepak and resides in Alameda County, California.

5. Plaintiff Karan Chopra is the minor child of Plaintiffs Deepak and Deepika, residing in Alameda County, California. He is autistic, nonverbal, and developmentally disabled.

6. Defendant City of Dublin is a municipal entity duly organized under California law, responsible for the policies, practices, and customs of its police department.

7. Defendant Victor Fox is and was at all relevant times the Chief of Police for the City of Dublin.

8. Defendant John White is and was at all relevant times the supervising officer of Defendants Cowens and Shepard with the Dublin Police Department, who approved and participated in the incidents below.

9. Defendant William Cowens is a Deputy with the Dublin Police Department, sued herein in his individual capacity.

10. Defendant Christopher Shepard is a Deputy with the Dublin Police Department, sued herein in his individual capacity.

11. Defendants Does 1-10 are individuals employed by the City of Dublin whose true names and capacities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to identify these Defendants once discovered. All causes of action are alleged against all defendants.

GENERAL ALLEGATIONS

12. On April 13, 2023, Deputies Cowens and Shepard, responding to a report of a robbery, entered Plaintiff's knife store without a warrant and without probable cause to think that Plaintiffs had done anything illegal. They conducted a warrantless search, filmed inventory, and unlawfully accessed restricted areas. Defendants confiscated much of plaintiffs' inventory, putting them out of business, and arrested Plaintiff Deepak, charging him with seven or more crimes.

13. On August 3, 2023, the Alameda County District Attorney declined to prosecute Plaintiff Deepak Chopra based on Shepard's fabricated allegations.

14. On August 11, 2023, Deputy Christopher Shepard, motivated by the charges being dropped, submitted materially false affidavits to a judge to secure a search warrant of Plaintiffs'

1  home and business.  Shepard falsely described lawful knife inventory as "illegal contraband" and misrepresented legal business practices as criminal activity.

15. Shepard executed the August 11, 2023 search, seizing the rest of plaintiffs' inventory and his personal gun collection, 300 guns worth over a million dollars.  Again arresting Deepak, intentionally charging him with bogus charges.

16. An independent third party firearms expert has confirmed that all of the seized inventory was lawful.

17. On February 5, 2024, Plaintiffs, through counsel, submitted a government claim to the City of Dublin pursuant to California Government Code § 910 et seq., arising from the events described herein.

18. Plaintiffs' claim was rejected on February 27, 2024.

19. In retaliation for filing a claim, defendants once again charged Deepak with a slough of additional charges.

20. On multiple occasions after the second unlawful search, Dublin Police officers entered Plaintiff's business without warrants and attempted to induce Deepak into selling restricted items unlawfully.

21. Plaintiffs are informed and believe that Defendants contacted countless media outlets — domestically and internationally — falsely claiming that Plaintiffs operated an illegal gun business with the intent to destroy Plaintiffs' livelihood, and that they promoted internet search results specifically designed to associate Plaintiff's name with illegal firearm activity, knowing full well that Plaintiff operated only a lawful knife store.

22. Despite a state court order instructing the return of seized property, Defendants have refused to return Plaintiffs' inventory and personal gun collection.

23. Plaintiffs' autistic minor child was present during the August 11, 2023 search.  Defendants refused to allow the disabled child to return home for over five hours, causing the child to bang his head on the ground in distress and requiring emergency medical attention.

24. Plaintiff Deepika Chopra suffered severe emotional distress, was hospitalized for colitis, and was diagnosed with lifelong colitis triggered by the stress from Defendants' conduct.

25. Plaintiffs have lost, will lose, and have been damaged in the sum of $14,000,000 for lost inventory and economic harm. In addition, Plaintiffs suffered emotional distress, general damages, medical bills, and other damages which will be shown at trial.

## FIRST CAUSE OF ACTION

(Violation of Fourth Amendment – 42 U.S.C. § 1983 – Unlawful Search and Seizure)

26. Plaintiffs reallege all the facts above as if fully restated hereunder.

27. Defendants violated Plaintiffs' Fourth Amendment rights by unlawfully searching Plaintiffs' home and business and seizing their lawful property without probable cause or lawful justification.

28. As a direct and proximate cause of these actions, plaintiffs suffered damages, according to proof at trial.

## SECOND CAUSE OF ACTION

(Violation of Fourteenth Amendment – 42 U.S.C. § 1983

Procedural Due Process)

29. Plaintiffs reallege all the facts above as if fully restated hereunder.

30. Defendants violated Plaintiffs' Fifth Amendment rights by depriving them of their property, including lawful inventory, without due process of law.

31. As a direct and proximate cause of these actions, plaintiffs suffered damages, according to proof at trial.

## THIRD CAUSE OF ACTION

(Violation of Fourteenth Amendment – 42 U.S.C. § 1983 – Substantive Due Process)

32. Plaintiffs reallege all the facts above as if fully restated hereunder.

33. Defendants' conduct in taking all of his inventory and running him out of business constituted arbitrary and outrageous government action in violation of Plaintiffs' Fourteenth Amendment substantive due process rights.

34. As a direct and proximate cause of these actions, plaintiffs suffered damages, according to proof at trial.

## FOURTH CAUSE OF ACTION

(Violation of Fifth Amendment – 42 U.S.C. § 1983 - Takings Clause)

35. Plaintiffs reallege all the facts above as if fully restated hereunder.

36. Defendants violated Plaintiffs' Fifth Amendment rights by seizing Plaintiffs' property without just compensation.

37. As a direct and proximate cause of these actions, plaintiffs suffered damages, according to proof at trial.

## FIFTH CAUSE OF ACTION

(Violation of First and Fourth Amendments – 42 U.S.C. § 1983 – Retaliation)

38. Plaintiffs reallege all the facts above as if fully restated hereunder.

39. Defendants violated Plaintiffs' First and Fourth Amendment rights by retaliating against them for filing a government claim and engaging in protected speech, culminating in unlawful searches, seizures, and arrests.

40. As a direct and proximate cause of these actions, plaintiffs suffered damages, according to proof at trial.

## SIXTH CAUSE OF ACTION

(The Bane Act - Civil Act § 52.1)

41. Plaintiffs reallege all the facts above as if fully restated hereunder.

42. California Civil Code § 52.1 (the Bane Act) prohibits any person from interfering by threats, intimidation, or coercion, or attempting to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or of the State of California.

43. Defendants, including but not limited to William Cowens and Christopher Shepard, violated the Bane Act by engaging in threats, intimidation, and coercion to interfere with

Plaintiffs' constitutional rights, including but not limited to Plaintiffs' rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

44. Defendants used threats, intimidation, and coercion by:

(a) submitting materially false statements to judges to secure search warrants;

(b) unlawfully entering Plaintiffs' home and business without lawful justification;

(c) seizing Plaintiffs' property unlawfully;

(d) publicizing false allegations to destroy Plaintiffs' reputation and business;

(e) retaliating against Plaintiffs for filing a government claim; and

(f) using police presence and repeated warrantless entries to intimidate and harass Plaintiffs and coerce unlawful conduct.

45. Defendants' conduct was intentional, malicious, oppressive, and carried out with reckless disregard for Plaintiffs' rights.

46. As a direct and proximate result of Defendants' violations of the Bane Act, Plaintiffs have suffered economic loss, emotional distress, humiliation, reputational damage, medical expenses, and other damages in an amount to be proven at trial.

47. Pursuant to California Civil Code sections 52.1 and 52, Plaintiffs are entitled to compensatory damages, statutory damages, punitive damages, attorney's fees, and costs.

## SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

48. Plaintiffs reallege all the facts above as if fully restated hereunder.

49. Defendants engaged in outrageous and extreme conduct, including repeated unlawful searches, seizures, public dissemination of false allegations, harassment of a severely autistic child, and the willful infliction of emotional distress on Plaintiffs.

50. Defendants' conduct was intentional, malicious, and carried out with reckless disregard for Plaintiffs' emotional well-being.

51. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered severe emotional distress, requiring medical treatment, including hospitalization of Mrs. Chopra and medical treatment for their autistic child Karan.

52. Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Replevin)

53. Plaintiffs reallege all the facts above as if fully restated hereunder.

54. Plaintiffs are the rightful owners of personal property, including inventory valued at approximately $2,000,000, wrongfully seized and currently retained by Defendants without consent or lawful justification.

55. Plaintiffs have demanded return of their property, but Defendants have failed and refused to return it.

56. Plaintiffs are entitled to the immediate possession of their property and seek an order compelling Defendants to return all property unlawfully seized, or, in the alternative, for judgment in the value of said property.

## NINTH CAUSE OF ACTION

### (Abuse of Process)

57. Plaintiffs reallege all the facts above as if fully restated hereunder.

58. Defendants, particularly Christopher Shepard and William Cowens, engaged in the willful misuse of legal process by securing search warrants through materially false statements and using those warrants not for legitimate investigation but to harass, intimidate, and damage Plaintiffs' business and reputation.

59. Defendants' actions constituted abuse of process because the legal proceedings were used for purposes wholly outside their intended function — including retaliating against Plaintiffs, destroying their business, and generating publicity to smear their name.

60. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered economic loss, reputational harm, emotional distress, and other damages in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against all Defendants, and award:

(i) Compensatory damages in an amount to be determined at trial;

(ii) Punitive damages against the individual Defendants in an amount to be determined at trial;

(iii) An Order requiring Defendants to return all property, inventory, and items seized from Plaintiffs without lawful justification;

(iv) A permanent injunction prohibiting Defendants, including all agents of the Dublin Police Department, from entering Plaintiffs' business premises without a valid warrant and from engaging in conduct designed to induce unlawful sales or otherwise harass Plaintiffs;

(v) Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

(vi) Pre-judgment and post-judgment interest as allowed by law;

(vii) Such other and further relief as the Court deems just and proper.

Respectfully Submitted,
LAW OFFICES OF JOSEPH SALAMA

Dated: April 11, 2025

/s/
JOSEPH SALAMA
Attorneys for Plaintiffs
DEEPAK CHOPRA; DEEPIKA CHOPRA; KARAN CHOPRA


DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: April 11, 2025

Respectfully Submitted,
LAW OFFICES OF JOSEPH SALAMA

__/s/_____
JOSEPH SALAMA
Attorneys for Plaintiffs
DEEPAK CHOPRA; DEEPIKA CHOPRA; KARAN CHOPRA