UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK CHOPRA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VICTOR FOX, et al.,<br><br>    Defendants. | Case No. 25-cv-03305-WHO<br><br>**ORDER STAYING CASE**<br>Re: Dkt. No. 27 |

Plaintiffs Deepak and Deepika Chopra (who are married) (hereafter, the "Chopras" or the "plaintiffs"), filed a civil rights complaint asserting multiple federal claims pursuant to 42 U.S.C. § 1983 and a state law claim arising out of an April 13, 2023, search and seizure operation conducted by Dublin police officers at the plaintiffs' business, Dublin Knives, during which allegedly illegal switchblades were seized. Dkt. No. 1 (Complaint). The complaint names the Dublin Police Services ("DPS"), the City of Dublin, the County of Alameda, DPS Chief Victor Fox, officer William Cowens, and Sgt. Christopher Shepard as defendants (together, the "defendants"), who now move to dismiss or stay under *Younger* abstention: The knives are the subject of a Petition to Return Property filed by Deepika Chopra that is currently pending before the Superior Court of the State of California, County of Alameda, and there is another pending criminal matter in the same court involving Deepika's husband, Deepak Chopra, arising from a different search and seizure operation that DPS officers conducted at Dublin Knives on August 11, 2023, which also led to the seizure of allegedly illegal switchblades. The question of whether the plaintiffs' knives were lawfully seized is squarely before the state court.

Abstention is appropriate considering the nature of the two pending state court proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S.Ct. 584, 187 L.Ed.2d

505 (2013). The factors identified by the United States Supreme Court in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982) are met. And since the Ninth Circuit also suggests that such cases seeking damages be stayed until the state court case is completed, and not dismissed, this case is STAYED pending resolution of the state court proceedings.

## BACKGROUND

### A. Events giving rise to litigation

#### 1. April 13, 2023, search and seizure

On April 12, 2023, Deepak Chopra called Dublin Police Services ("DPS") officers to report that a customer of Dublin Knives, someone named Fang, had used a stolen credit card to purchase $3,000 worth of merchandise. *See* Compl. ¶ 27. DPS instructed Deepak to "call back on a non-emergency line if the person ever returned to the store." *Id.* The next day, Deepak called DPS again to complain that the same customer had returned to Dublin Knives, this time armed with a taser. *Id.* ¶ 28. Deepak informed DPS that he believed Fang was going to rob the store. Declaration of Christopher Shepard ("Shepard Decl.") [Dkt. No. 27-2] Ex. 2 (police report prepared by Sgt. Christopher Shepard regarding April 13, 2023, incident response).

After receiving the call, defendants officer Cowens and Sgt. Shepard arrived at Dublin Knives to "investigate the crime." The plaintiffs "allowed them into Dublin Knives for the express purpose of investigating the crime." Compl. ¶¶ 29-30. Cowens and Shepard were "quickly brought to Fang," "who confessed to having previously used a stolen credit card." *Id.* ¶ 32. Cowen and Shepard searched Fang, determined that he had a knife and a concealed 9mm handgun in his possession, and detained him.

During the course of their investigation, Cowen and Shepard observed a number of knives that they believed to be switchblades on the premises of Dublin Knives. *Id.* ¶¶ 32-34; Shepard Decl. Ex. 2 (police report). DPS did not have a warrant, but Cowens and Shepard seized approximately 1,400 switchblades from Dublin Knives, all of which they say were "displayed in plain view." Shepard Decl. Ex. 2. The Chopras were cited and released by Shepard for misdemeanor violation of Penal Code section 21510 – selling illegal switchblades. On August 3,

2023, the Alameda County District Attorney's Office chose not to pursue any charges from the April 13, 2023, seizure. RJN, Ex. 3.

Shortly thereafter, Deepika Chopra filed a petition to return the 1,400 knives seized by DPS. RJN, Ex. 4 (Petition for Return of Property, hereafter, the "Petition").[1] In their complaint and in the Petition, the Chopras state that the "switchblades kept in plaintiffs' store were legal to possess inside of Dublin Knives because they were kept in a private business that was not open to the public" and the "knives were not in a motor vehicle." Compl. ¶¶ 38-42. The Complaint then cites to briefs submitted by the state of California in *Knife Rights v. Bonta*, 24-5536 (9th Cir.), Dkt. No. 17, where the state of California states that "California does not prohibit all possession of [switchblades over two inches], including inside the home," presumably to bolster the plaintiffs' overall theory that the seizure of their switchblades was unlawful.

### 2. August 11, 2023, search and seizure

On August 11, 2023, DPS officers performed an undercover operation at Dublin Knives: plain clothes detectives entered the business premises without an appointment and purchased a switchblade from Deepak Chopra. After receiving a search warrant, *see* Shepard Decl. Exs. 7-8, DPS searched Dublin Knives again and located "several thousand" allegedly illegal knives and "ghost guns," which are guns without serial numbers. *Id.* Exs. 9-16.

### B. Ongoing state court proceedings

On April 5, 2024, a criminal complaint with three felony and eight misdemeanor counts was filed against Deepak Chopra, stemming from the August 11, 2023, undercover operation. RJN Ex. 17. That criminal case is ongoing.

On January 31, 2025, Deepika Chopra filed a Petition to Return Property in Alameda County Superior Court, challenging the April 13, 2023, search and seizure conducted in Dublin Knives. RJN Ex. 4 (the Petition). She contests the illegality of the switchblades seized by DPS officers. The Petition is currently scheduled to be heard on August 22, 2025. RJN Ex. 5. The

---

[1] In the Petition, Deepika states that "some of the knives seized by the officers meet the definition of a switchblade, as defined in California law," *see id.*, and states that Dublin Knives was in the business of "direct sale of knives" throughout the state of California. *Id.* She also states that "while operating as a business, Dublin Knives was generally not open to the public." *Id.*

3

City of Dublin and the Alameda County District Attorney's office oppose release of the seized knives: they maintain that the knives are illegal switchblades under Penal Code sections 21510 and 21590 and qualify as contraband under Penal Code section 18000(c), suitable for destruction under Penal Code section 18005(a). RJN Ex. 6. Defendants state that "[their] understanding is that if [Deepika Chopra's petition is granted] the City of Dublin and/or Alameda County District Attorney's office may seek appellate review." Motion 4.

### C. Procedural background

On April 11, 2025, plaintiffs Deepak Chopra, Deepika Chopra, and their minor child Karan Chopra filed a civil rights complaint asserting multiple federal and state law civil rights claims against the "Dublin Police Department," DPS Chief Victor Fox, William Cowens, and Christopher Shepard. *See* Dkt. No. 1 (First Complaint). The original complaint asserted that the defendants violated plaintiffs' rights under the Fourth Amendment, Fourteenth Amendment, Fifth Amendment, and First Amendment. They further asserted that the defendants had violated the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1), intentionally inflicted emotional distress, and abused process. Finally, they sought return of their knives via replevin. Plaintiffs sought damages and an order requiring return of all property, attorney fees and costs.

The Alameda County defendants moved to dismiss the complaint. Dkt. No. 16. Instead of opposing, on May 29, 2025, the plaintiffs filed the First Amended Complaint ("FAC") as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(B). While the original complaint challenged defendants' actions with respect to both the April 13 and August 11 search and seizures, the FAC does not address the knives and ghost guns seized on and after August 11, 2023. *Compare* Complaint, *with* FAC. It asserts three Section 1983 claims: (1) a claim for unlawful search in violation of the Fourth Amendment (against defendants Cowens and Shepard); (2) a claim for unlawful seizure in violation of the Fourth Amendment (against all defendants); and (3) a claim for failure to provide due process in violation of the Fourteenth Amendment (against all defendants). It also states a state law claim for violation of California Civil Code section 52.1, interference with plaintiffs' exercise and enjoyment of their civil rights through an unreasonable seizure of private property (against all defendants).

4

1   The defendants have once again moved to dismiss. They argue that *Younger* abstention applies, necessitating the dismissal or stay of this case pending resolution of ongoing state court proceedings, and that the plaintiffs have otherwise failed to state a claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Motions to dismiss based on exclusive in rem jurisdiction of a state court are properly analyzed under Rule 12(b)(1). *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011). A motion to dismiss on *Younger*[2] abstention grounds is also properly brought under Rule 12(b)(1). *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (treating *Younger* abstention as jurisdictional); *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) (recognizing "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(1)").

**DISCUSSION**

**I.    REQUESTS FOR JUDICIAL NOTICE**

Although a court generally may not consider material outside the complaint on a motion to dismiss under Rule 12(b)(1), the court may look beyond the pleadings "at documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). A defendant may seek to incorporate a document by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "The court may treat such a document as 'part of the complaint' " and "may assume that its contents are true for purposes of a motion to dismiss," *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (emphases added), so long as such assumptions do not only serve to dispute facts in the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative

---

[2] *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

1   fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial
2   court' territorial jurisdiction; or (2) can be accurately and readily determined from sources whose
3   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, a court may take
4   judicial notice of matters of public record. *Khoja*, 899 F.3d at 999.  Courts routinely take judicial
5   notice of documents on file in federal or state courts, *see, e.g., Harris v. Cnty. of Orange*, 682 F.3d
6   1126, 1132 (9th Cir. 2012) (taking judicial notice of declaration filed in prior litigation), and
7   information on government websites, *Gerritsen v. Warner Brothers Entertainment Inc.*, 112 F.
8   Supp. 3d 1011, 1033 (C.D. Cal. 2015).

9   Defendants ask that I take judicial notice of twenty (20) separate documents, all of which
10  relate to the searches and seizures that occurred with respect to the plaintiffs' business and the
11  litigation that arose from them.  *See* Def's RJN [Dkt. No. 27-3].  While the plaintiffs offer
12  competing interpretations of the meaning and/or impact of several of these documents with respect
13  to their claims, they do not dispute their authenticity.  Most of the documents of which the
14  defendants ask that I take notice are documents on file with state courts.  I will take judicial notice
15  of the existence of Dkt. No. 27-3, Exs. 1-20.

## II. *YOUNGER* ABSTENTION

17  Under the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), in certain
18  circumstances federal courts must abstain from hearing cases that would interfere with pending
19  state court proceedings that implicate important state interests.  *Potrero Hills Landfill, Inc. v. Cnty.*
20  *of Solano*, 657 F.3d 876, 881 (9th Cir. 2011) (*citing Middlesex County Ethics Comm. v. Garden*
21  *State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  *Younger* abstention applies to three categories of
22  cases, referred to as the "*NOPSI*"[3] categories: 1) "ongoing state criminal prosecutions"; 2) "certain
23  civil enforcement proceedings"; and 3) "civil proceedings involving certain orders ... uniquely in
24  the furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns,*
25  *Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013) (cleaned up).  If a state
26  proceeding falls into one of these three categories, *Younger* abstention is applicable, but only if the

---

[3] Derived from the Supreme Court case *New Orleans Pub. Serv., Inc. v. Council of New Orleans (NOPSI)*, 491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

three additional factors laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) are also met: that the state proceeding is 1) "ongoing"; 2) "implicate[s] important state interests"; and 3) "provide[s] adequate opportunity ... to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (quoting *Middlesex*, 457 U.S. at 432, 102 S.Ct. 2515)) (cleaned up).

      Accordingly, a federal court considering whether to invoke *Younger* in a civil action must therefore examine whether: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Potrero*, 657 F.3d at 882 (reiterating that the Supreme Court has set forth a three-part test for determining when to apply *Younger* to a civil proceeding and that the Ninth Circuit has "articulated an implied fourth requirement"). When all four requirements are met, the federal court is required to abstain. *San Jose Silicon Valley Chamber of Commerce*, 546 F.3d at 1092. The only exception is when there is a showing of prosecutorial bad faith, harassment, or some other extraordinary circumstance that would render abstention inappropriate. *See Middlesex*, 457 U.S. at 435.

      The claims that the Chopras assert in the FAC are obviously related to the Petition that Deepika Chopra filed in state court seeking return of the property seized on April 13, 2023. As demonstrated by the Petition and the City of Dublin's responsive memorandum, *see* RJN Exs. 4 (Petition), 6 (Response), the issue of whether the plaintiffs' knives were lawfully seized pursuant to an exception to the Fourth Amendment's warrant requirement is a question directly before the Superior Court, County of Alameda. Deepika Chopra states that "[n]one of the circumstances rendering possession of a switchblade knife unlawful when officers seized Petitioner's property on April 13, 2023" existed, making her possession of the knives seized from Dublin Knives that day "perfectly lawful." RJN Ex. 4. She argues that "police acted without legal justification when they seized Petitioner's property, and they act without legal justification in their refusal to release

7

Petitioner's property back to her." *Id.* Of course, the City of Dublin and Alameda District Attorney disagree. A ruling concerning the constitutionality of the April 13 search and seizure by this court would likely interfere with the state court proceeding concerning the Petition.

There is also the ongoing criminal state court proceeding involving Deepak Chopra, which arises out of the August 11, 2023, sting operation that led to the seizure of more allegedly illegal knives and other weapons. That matter might also be affected by a ruling from this court on, for example, the legality of the knives in question.

Plaintiffs argue that *Younger* abstention "does not apply" to the return of property matter because "*Younger* does not apply to nonparties just because they could have intervened." Plaintiffs' Response to Motion ("Oppo.") [Dkt. No. 28] 1 (citing *Gilbertson v. Albright*, 381 F.3d 965, 976 (9th Cir. 2004)). But *Gilbertson* does not stand for what the plaintiffs say it does, nor is it applicable here. The quote plaintiffs rely on was a condensation of a position the Ninth Circuit had taken before, which the court sought to clarify through *Gilbertson*. The older case was *Green v. City of Tucson*, which involved parallel state and federal proceedings in which the same constitutional challenge to a state statute was raised but none of the federal plaintiffs was a party to the state court proceedings. 255 F.3d 1086 (9th Cir. 2001) (en banc).

In *Green*, the district court applied the three-part *Middlesex* test for *Younger* abstention and concluded that the test was satisfied because there was a pending proceeding implicating important state interests and the federal plaintiffs could have intervened in that action. The district court dismissed the federal action. The Ninth Circuit reversed, holding that the *Younger* doctrine applied only when an additional element beyond the *Middlesex* factors—direct interference in the state court litigation— is present. Alternatively, it held "that *Younger* does not apply to nonparties *just because they could have intervened.*" See *Gilbertson*, at 976 (citing *Green*, 255 F.3d 1086) (emphasis added).

In *Gilbertson*, the court course corrected from *Green* and explained that while "interference with state proceedings is at the core of the comity concern that animates *Younger*," "the Supreme Court has never required that interference to be 'direct' in the manner we described in *Green*." *Id.* It did not revisit the issue of *Younger* abstention where the federal plaintiffs are

8

nonparties to the state court proceedings. Presumably, the Ninth Circuit's observation in *Green* that "*Younger* does not apply to nonparties just because they could have intervened" still stands today. *See Gilbertson*, at 976.

Nothing in *Gilbertson* (or *Green*, for that matter) supports the plaintiffs' contention that because Deepak Chopra is not a party to the Petition, *Younger* abstention does not apply to the plaintiffs' federal claims. Deepika Chopra *is* a party to the Petition in state court, distinguishing this case from *Green*, where no federal plaintiffs were parties to the ongoing state court litigation. And the resolution of plaintiffs' claims here will affect an ongoing state court proceeding to which Deepika Chopra, a plaintiff in this case, is a party, regardless of Deepak Chopra's involvement in that proceeding. Neither *Green* nor *Gilbertson* calls for a different conclusion.

With respect to the plaintiffs' capacity to litigate their constitutional claims in state court, here they can. In the FAC, plaintiffs assert three constitutional claims, all under 42 U.S.C. § 1983. They assert a Fourth Amendment claim for unlawful search against the individual defendants and a Fourth Amendment claim for unlawful seizure against all defendants. They also assert a Fourteenth Amendment due process claim against all defendants. Each claim is before the state court on Deepika Chopra's Petition. This is evident from the Petition and the City's response. *See* RJN Ex. 4 (Petition) 4-12; *id.* Ex. 6 (Response) (addressing Fourth Amendment arguments).[4]

As *Younger* clearly applies, I need to decide whether to stay or dismiss the case. The defendants "agree that at a minimum, a stay based on *Younger* abstention is appropriate," but argue that "dismissal based on *Younger* abstention is [also] an appropriate option for the Court." Motion 9-10. The Ninth Circuit has held that "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). This action seeks damages, so a stay is appropriate.

The defendants briefly analogize this case to *Meritage Homes of California, Inc. v. City of*

---

[4] The Fourteenth Amendment due process claim is not squarely before the state court, but it is inextricably combined with the question of whether the officers rightfully seized the knives. The plaintiff's Fourteenth Amendment claim argues, in part, that the officers violated their due process rights when they seized the switchblades "without . . . a search warrant." FAC ¶ 136.

9

1  *La Verne*, where the court held that *Younger* abstention applied and chose to dismiss the federal

2  case rather than stay it, No. SACV18929JFWAGRX, 2018 WL 5928124, at *5 (C.D. Cal. Aug.

3  23, 2018) (dismissing a damages action pursuant to *Younger* abstention because damages were

4  available in the state court action), and also *Allen v. McCurry*, where the Supreme Court gave

5  collateral estoppel effect to a pretrial suppression motion. 449 U.S. 90, 104 (1980). In *Allen*,

6  plaintiff (who had been convicted of state law heroin and assault offenses) brought a Civil Rights

7  Act suit against the arresting officers, claiming, among other things, Fourth Amendment

8  violations. The district court granted summary judgment for the defendants, the Eighth Circuit

9  reversed, and the Supreme Court reversed again, holding, among other things, that rules of

10 collateral estoppel applied to actions brought under the Civil Rights Act of 1871 and encompass

11 state-court judgments or decisions, civil or criminal. *Allen*, 449 U.S. 90.

12 Neither case is apt. The comparison to *Meritage* is unpersuasive because in that case the

13 plaintiffs to the federal action had all the same damages available to them in state court as federal

14 court. The same may or may not be true here, where, for example, the plaintiffs have dropped

15 their request for replevin in their federal case. The comparison to *Allen* is premature, at best,

16 because there has been no ruling one way or another on Deepika Chopra's civil matter or Deepak

17 Chopra's criminal matter. If anything, *Allen* instructs me to stay the case.[5]

18 **III.   OTHER ISSUES**

19 I will DISMISS DPS. It is an improper defendant because the County of Alameda

20 provides police services for Dublin through DPS and is therefore the proper defendant.

21 Declaration of Gregory Thomas [Dkt. No. 27-1] ¶ 1; Motion 19-20. The plaintiffs do not oppose

22 dismissing DPS. *See* Oppo/Response 1, n.1.

23 The parties have raised a number of other issues that are moot in light of the stay. They

24 may be revisited later if appropriate. I will note that I tend to agree with plaintiffs that *Heck v.*

25 *Humphrey*, 512 U.S. 577 (1994) does not apply to bar their claims. The Alameda County District

---

[5] Plaintiffs make some of these arguments against the application of *Meritage* and *Allen* in their Opposition/Response. The defendants do not provide further support for their argument in favor of dismissal rather than a stay in their Reply.

Attorney's office is not pursuing criminal charges related to the knives seized on April 13, 2023, only those seized on August 11, 2023, and the criminal charges arising from the August 11, 2023, sting have not yet been resolved in criminal court. *See People v. Deepak Chopra*, Case No. 24-cr-003715. This distinguishes the Chopras' case from the situation in *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011), where a plea had been entered. Finally, it worth stating that the defendants' motion to dismiss identifies serious flaws with the FAC that the Chopras will need to address if the case ultimately proceeds.

## CONCLUSION

For the foregoing reasons, DPS is DISMISSED and this action is STAYED pending resolution of the ongoing state court civil proceeding involving Deepika Chopra and ongoing state court criminal proceeding involving Deepak Chopra. The parties shall file a Status Report every six months to apprise the court of the progress of the state court proceedings: the first report is due February 9, 2026. Any party may file a motion to lift the stay if circumstances warrant it.

**IT IS SO ORDERED.**

Dated: August 7, 2025

William H. Orrick
United States District Judge